Thank you, Your Honors. And if it pleases the Court, it's James Haworth, a parent for Mr. Schubert, and I'm going to reserve five minutes for rebuttal. And we've extensively briefed the case. I think it lays out pretty simply and straightforwardly what the issues and the proper resolution of this appeal are. And in regard to the first issue, which is really application of the one form of action rule, this is a direct result of clear statutory language under California law. Yes, but the other case was not a case against you for foreclosure or for anything, in fact. It was except for essentially a declaration of priority of liens. It just doesn't seem to have anything to do with what the one action rule is directed at. Well, the language of the statute, Your Honor, it speaks to the fact that an action includes under California law, under Code of Civil Procedure 22, includes a declaratory relief action. Yes, but a declaratory relief action with regard to the question of whether your client was in default on the loan, which was not the question in the case. The question in the case was priority of two different liens. Your Honor, the rule of the one form of action rule does refer to an action for the recovery of any debt or for the enforcement of any right secured by the law. And it wasn't any of those things with regard to your client. Well, this is the enforcement of a ---- It wasn't an enforcement of anything. It was a declaration with regard to somebody else as to whether he had a ---- which lien had a priority. Your Honor ---- I suggest you go to the other issue. Pardon me? I suggest you go to the other issue, the raised judicata issue. Okay. Okay. On the raised judicata issue, we ---- this matter was resolved and settled between the parties. All right. Now, you were asked to come forward with evidence of a settlement, and you didn't in this case. The district judge allowed you to amend the complaint to allege a settlement, and you didn't. Yes, Your Honor. Your Honor, the party felt that the ---- it was an issue of a de novo issue for review in this court, and it was a clear ---- Yes, but you're now saying there was a settlement in the complaint, and there's nothing in the complaint that indicates there was a settlement. This was in the ---- this is the prior case. I understand, but there's nothing in the complaint in this case that says there was a settlement of the earlier case. And when you said that, the district judge said, okay, amend the complaint to say that, and you didn't do it. Was there a settlement on the fifth Schubert, the last, the Schubert lawsuit, the number, the fifth one you filed, which would have been the 2013? Yes. In that case, there was an apology issued by the bank. Now, what evidence is there in the record of that other than you're standing up and saying it? It's stated in the complaint. No, it's not stated in the complaint. That's the problem, as I understand it. It's not stated in the complaint in this action, Counsel. And there was a dismissal with prejudice, but there was nothing to indicate that it was dismissed pursuant to a settlement. Is that correct? Well, the underlying facts of the case were that the client, the customer, the consumer, was led to believe that there was no amount due on ---- I understand that. Where is that in the complaint in this case? I don't have the complaint in front of me at the moment, but it's ---- Well, my understanding is that you were given an opportunity to amend the complaint to so allege and you didn't do it. I mean, it's not a bad ---- it's a good argument if it's true, but it's not in there. I mean, this is my ---- and so this is my question. It appears that from this complaint that this was all an equity line of credit, not a mortgage as such. Is that right? It was a line of ---- equity line of credit. Correct, Your Honor. And your explanation, which sounds sensible with regard to what happened earlier, was that the bank said ---- sorry ---- that because it was an equity line of credit, they weren't going to remove the lien because you still had an equity line of credit out there, and so they still had a right to leave the lien even though you didn't owe them anybody. And now you are alleging that it was an equity line of credit, but they, for some reason, have to remove the lien, but you haven't alleged that the equity line of credit was closed, right? Well, Your Honor, I would actually reserve this for my rebuttal and allow me to pull up the complaint and get the applicable language and reference it to the Court. All right. Well, you're not very prepared at all. Counsel, before you ---- Judge Gould, if I could interject. Before you sit down or move to other matters, I'd like to please return for a moment to your one-action rule. Is it your contention that because of a prior declaratory judgment action relating to priorities, which was not a claim against your client for money, that your client gets to avoid any repayment of what your client has borrowed on the line of credit? In other words, there's no lien, no need to repay, and that's the end of the case as far as you're concerned. Well, Your Honor, it would decollateralize the debt such as the debt is. The contemporaneous claim that there's no money due, that is a matter that is separate and apart from the application of the one-action rule, and this would simply be an application of that rule whereby the security essentially would be removed. So in other words, if I'm understanding this, and please correct me if I'm wrong, you're saying there would no longer be security for the loan, but they could still make a contract claim for the money they loaned? That is correct, Your Honor. Thank you. And I'll reserve my remaining time for rebuttal. Unless the Court has other questions. Thank you. None here. Good morning. Leslie Worland of McGuire Woods for the appellees. There are two issues presented, obviously. One is the application of the one-action rule. The other is the application of res judicata. I think we've addressed both of them thoroughly in our brief. I understand from the Court's questions this morning that the Court is not inclined to accept appellant's arguments that the one-action rule was invoked. We believe that it's correct. This was not an action to collect the debt. It wasn't an action for enforcement of the security interest. And certainly, simply the filing of an action has never been held by any California court to invoke the one-action rule. You must go much farther down the line and take some affirmative action. So even if the argument, which I don't think the Court is accepting, is correct, that simply filing the declaratory relief action invoked the rule, the California case law is clear that you have to do something that prejudices the other side. You either have to go to judgment or you have to do something short of that. The examples are in the Shin case, which we cited, they got a prejudgment attachment. In the Walker case, there was a judicial foreclosure. And in the Wozzeb case, there was an offset banker's relief. What happened here was you settled with the putative lien holder and dismissed the case against the plaintiff. Correct. There was no action. Without prejudice? I'm sorry? Dismissed it without prejudice? No, it was a dismissal with prejudice. But it hasn't been argued that that dismissal with prejudice had any impact on any of the issues that are raised here. It wasn't raised in the opening. What was the plaintiff's interest in the other case? I mean, what was the prejudice about? Well, what happened was that, and this is explained in our papers, in a prior statement. No, I understand what happened. That other entity went and recorded a lien in a very short time period that was a default. But ultimately, it was just a question of the prior liens. Correct. So what was the interest of the plaintiff in it? The interest would be that whether or not the security interest which had been recorded during the time of the default, whether that was in first position or so. Why does the plaintiff care who had the first position or who had the second position? I'm sorry? Why would the plaintiff in this case care who had the first position and who had the second position? Simply because he was deemed to be a party in interest. But no relief, no coercive relief. This is the one thing that concerns me about the claim preclusion issue. This was, in fact, an equity line of credit. Is that right? Correct. And so one piece of what the plaintiff says, although he doesn't say it in the complaint, about what happened earlier, you know, sort of sounds right, which is that because it was an equity line of credit, the lien would remain whether he paid it off, whether he had any outstanding debt or not. Right? That was his position. Right. But that's a correct position. No. Yes. If the equity line remains open, but I believe his position was that since he had paid it off, there was nothing to enforce and he was. Well, right. But what that means is that the fact that the earlier claim ended, the earlier case ended with a, with prejudiced determination that the lien was going to stay there doesn't prove anything about whether he owes money or doesn't owe money. That's correct. Therefore, you shouldn't have any claim preclusion on that question of whether he owns money or doesn't owe money. Well, our position, no, our position is that he does owe money. I know that's your position, but your position is that that was resolved in the earlier case. Why was it resolved in the earlier case? The only thing that was issued, that was resolved in Schuster V was the priority of the liens. Not Schuster. No, I thought that wasn't about the priority. That's not Schuster V. No, I'm sorry. I'm sorry. In Schuster V, he sought to, he argued that he did not owe any money on the, on the line of credit. I apologize. I understand that. But he says, I understand, at extra record, but you agree it's correct, that in any event, his, his quiet title action, which was to remove the lien, couldn't have succeeded because it was an equity line of credit which was still open. Correct. And there was money owed. So how does that, but how does that resolve that there was money owed? Because the lien would have stayed there anyway. It didn't resolve, it didn't resolve the question of whether money was owed except Well, then, is that preclusive here in the question of whether money was owed? It, it, that issue was not litigated, but it was decided against Mr. Schuster when he dismissed. Well, why? Because you're telling me, and it seems to be correct, that that, that he would have lost entirely because it was an equity line of credit without regard to whether he owed any money or not. But the issue of whether he owed his money was put in issue in Schuster V. He claimed that that lien should be removed because there was no money owed. Right. And your answer would have been, and I gather was, whether you owe money or not, the lien shouldn't be removed. Our position was that he did owe money. And when he dismissed Schuster V with prejudice, that issue became race judicata against him. In what way did you take that position? When the, when the dismissal with prejudice was filed. Did you was there an answer that said that? Was there a, any litigation over it? Was there a settlement? There, no, and yes, there was a settlement. Okay. And did that settlement discuss what the relief was, whether it was the removal of the lien or whether it was that there was a decision that he didn't owe money, or was it both? There, well, the settlement is not in the record. That's the settlement that Mr. Schuster was given leave to amend to put in front of the district court, Mr. Schuster. Correct. But we have to look at that in order to decide what was litigated in Schuster V before we decide whether it was already litigated. I don't think you do need to decide that. What was litigated in Schuster V, according to California law, was whether or not he owed money. He claimed he did not owe any money. When that dismissal with prejudice was filed, that became raised judicata against him. So, in other words, even if the case, if the only issue in the case was whether the relief he was seeking was to acquire a title by removing the lien, right? Correct. There was no basis for removing that lien whether or not he owed money. So how could it resolve whether he owed money? Well, I think his position was that the lien should be removed. His position meaning he alleged some facts in the complaint, but ultimately he wanted to remove the lien. He wanted to remove the lien. Right. Because he claimed he owed no money. Okay. And I believe he owed no money. But that fact turned out to be irrelevant to the ultimate question or could have of whether to remove the lien. There was no basis for removing the lien even if he did owe money. I would agree. There was no basis for removing the lien. So I just have a hard time understanding why it's preclusive on the question of whether he owed money. Because he put that question he sought to remove the lien on the basis that he owed no money. Okay. That was his argument. And when he dismissed with His argument meaning because it was alleged as a fact in the complaint? Yes, because it was alleged. So how do we decide what was decided when it wasn't ultimately pertinent to the outcome? It is, Your Honor, it is. If he puts it at issue in his pleading, and he then dismisses that pleading with prejudice, the question is So if somebody puts in their complaint something that's just never going to control the case, you know, it has nothing to do with the outcome, he puts it in there, but in fact, I mean, both by his assertion of what he was told, even though he didn't put it in the complaint and your agreement as to what the law is, it didn't matter. It was irrelevant. But it does matter because when he came back in the district court action, he sought the same thing. He sought to stop a nonjudicial foreclosure and again to acquire a title to his property. Well, now he is, because he's trying to stop the foreclosure, which does depend on whether he owes money. Right. And he again took the position, as he had in Schuster V, that he owed no money. But at that point, he wasn't trying to directly stop a foreclosure. He was trying to remove a lien. Just as he had in Schuster V. And he also had a slander of title claim in there, which had to do with a specific person having said a specific thing. So that can't be a claim preclusion here, because that has nothing to do with what went on here. Well, he doesn't he didn't he didn't renew his slander of title claim. Right. So it's just a quiet title action, and a quiet title action depended on whether there was a basis for removing the lien. There was no basis for removing the lien, having nothing to do with whether he owed money. I don't see the claim preclusion. Well, Your Honor, if in fact that lien stays on, whether or not he sought to remove it, my client will still be in the same position, which is No, because he that doesn't give him the right to foreclose. Well, he he's already argued that there is no valid lien on the property because he did not owe money. I understand that.  But that doesn't lead to the conclusion that your client can foreclose because he still has to owe you money. He does have to owe money, but he sought to stop the foreclosure in the district court action on exactly that basis. On the ground that he doesn't owe money. On the ground that he doesn't owe money. On the ground that he doesn't owe money. So now you have to litigate whether he owed money, because you didn't necessarily litigate it in the earlier case. The district court decided that that issue had been foreclosed. I understand they decided it, but I'm trying to understand why, given the fact that this was an equity line of credit. Because when what happened was when Mr. Shuster argued now in the district court case that he didn't owe any money, the district court said, are you taking the position you don't owe any money because of what happened at or before the time of Shuster V, or are you claiming you don't owe any money because of what happened since the time of Shuster V? If the argument was that it happened since the time of Shuster V, I agree. There wouldn't be any claim preclusion. But he put evidence in front of the district court, and it's in the district court's ---- But was Shuster V about a foreclosure? I'm sorry? Was Shuster V about a foreclosure or an incipient foreclosure or a threatened foreclosure? I don't know if there was a threatened ---- I thought it was just about the lien. It was a slander of title, quiet title, and, as I recall, a declaratory lien of title. Somebody said he owed money. But the second part, the quiet title, was remove the lien. Right. And that was in the complaint, right? In the Shuster V complaint? In the Shuster V complaint. Yes. And the basis, again, was that I owe no money. And the district court said, is that an argument because of what happened since Shuster V or before? If the answer is before, you're precluded from arguing that. Okay. Anything else? Unless ---- Does the Court have any questions on the race judicata issue? That's what we've been talking about the last 15 minutes. I'm sorry. I apologize. The form of accident. On the security first or the 726 rule. I don't understand that question. Oh, you mean the one-action question? The one-action question, yes. I don't. Thank you. I have no questions. Thank you. Thank you, Your Honor. Yes, Your Honor, as I just confirmed, that in Shuster V, that was not directed at any foreclosure, present foreclosure activity. And it really defined a separate primary right of the party, distinct from the prior  Now, the oddity, of course, is that Shuster V alleges that it was a mortgage loan. It doesn't say anything about an equity line of credit. And says that it was paid off and that the interest was extinguished. So it's sort of, you can't even tell it's the same loan here because, in fact, it wasn't a mortgage loan as such. I mean, it was an equity line of credit. That's correct, Your Honor. It was an equity line of credit. So it's kind of peculiar. Go ahead. And it does allege, in Shuster V, that the, well, I don't know. The quiet title action doesn't really explain what the basis for the quiet title is. But it seems to be that he didn't, that the loan was paid off. So it's confusing. But I don't, I absolutely do not, apparently there was a settlement. And apparently, for some reason, you refused to amend the complaint to put it in. Maybe because it doesn't help you. I don't know. But it's not in the complaint.  And you were given the opportunity to add it. You're correct, Your Honor. And you didn't amend it. You're correct, Your Honor. It's not in the complaint. And on the raised judicata issue, I would just make that final point that there were distinct primary rights here. They were different causes of action under California law. Well, they're both called quiet title. They sound kind of similar, actually. Well, one was directed at a foreclosure, an imminent foreclosure sale, and the other one was simply a declaratory relief to determine that the note had been paid. But you would agree that if that was in the complaint and then you dismiss the complaint with prejudice, then that's a final judgment on the merits. Well, we're taking the position that it was not on the merits because this was between the parties. There were representations by the bank that... How is that different than the Boykin law, the 48, the California law that does say that it would be final judgment on the merits if you dismiss the complaint with prejudice? Well, we're making the distinction that there was the... And this would go to the hardship exception that's set forth in the FBI cases in the brief where representations of the bank led the party to believe that there was no case of prejudice because, as between the parties, there was no longer a case in controversy. As we state in the brief, it was essentially that the case had unripened and the parties agreed... Well, except if it's not in the complaint. I mean, the settlement is not in the complaint.  Well, it was not in the complaint. You're right, Your Honor. All right. Anything else? That's all. Thank you very much. Okay. Thank you. The case of Schubert v. The Bank of New York Mellon is submitted. We will go to the last argued case of the day, which is Haddad v. SMG Long-Term Disability Plan.
judges: Gould, Berzon, Marquez